# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**EDUARDO URIOSTEGUI,**

    **Plaintiff(s),**

  vs.                                                  **CIVIL NO. 02-721 WDS/KBM**

**KLINGER CONSTRUCTORS, INC.**

    **Defendant(s).**

## MEMORANDUM OPINION AND SUMMARY JUDGMENT

This matter comes before on Defendant Klinger Constructors, Inc.'s Motion for Summary Judgment (Doc. 24).  Plaintiff Uriostegui alleges that he was discriminated against because of his national origin (Mexican), that he was subjected to a hostile work environment, and that he was retaliated against by Defendant.  Defendant argues that it had a legitimate non-discriminatory reason for its firing of Plaintiff, that Plaintiff did not comply with the required administrative remedies on either the hostile working environment or the retaliation claims, and that those claims also fail on the merits.

Applying the **McDonnell Douglas Corp. v. Green**, 411 U.S. 792 (1973) analysis to Plaintiff's claim of discrimination it is clear that he makes a prima facie case for the discrimination. It is equally clear that Defendant responded with a non-discriminatory reason for the firing, that being Plaintiff's insubordination and refusal on several occasions to perform work.  These refusals lead to two verbal warnings and one written warning.  Plaintiff claims these reasons are pre-textual.  His response highlights the positive aspects of his employment wherein he was given positive evaluations

for his welding work and three raises within six months. Plaintiff, however, does not directly address or rebut the stated reasons for Plaintiff's discharge, the two verbal warnings and the written warning of insubordinate behavior. Plaintiff actually admits that on two occasions he did challenge one of his supervisor's work requests. He then attempts to justify those actions. The fact that he may have been justified in his insubordination may give him grounds for a state law claim of wrongful termination, but it does not support a civil rights claim. **Moore v. Eli Lilly Co.**, 990 F.2d 812 (5th Cir. 1993). The fact of his insubordination and the fact that he received warnings about his behavior on the job are not factually contested. Without such a factual contest there is no evidence to show that the Defendant's non-discriminatory reasons for his termination were pre-textual. Accordingly, Plaintiff's claim of discrimination on the basis of national origin must fail.

Plaintiff's claim based upon a hostile work environment is also defective. The Court agrees with the Defendant that Plaintiff failed to pursue his administrative remedies. The claim of a hostile working environment is in no way related to his claim of discriminatory discharge. Even if it were, there is no factual basis for the claim. In order to prevail on a hostile environment claim Plaintiff must prove that the harassment was so pervasive or severe as to alter the terms, conditions, or privileges of employment and that it was of a racial nature. **Bolden v. PRC, Inc.**, 43 F.3d 545 (10th Cir. 1994). The bulk of Defendant's undisputed material facts on this issue are not challenged and those that are disputed, rely on subjective feelings of the Plaintiff, not on objective evidence. There is no evidence to dispute Defendant's facts concerning pay. Plaintiff's claim that supervisors displayed open hostility toward him by addressing him in an angry and derogatory manner demanding that he not speak Spanish on the job is refuted by his own testimony that it was a co-worker who told him on two occasions not to speak Spanish, not his supervisors. Additionally, there is substantial evidence, unchallenged by Plaintiff, that Spanish was spoken on the job routinely, as many of the

employees spoke only Spanish.  There is no specificity in Plaintiff's charge of open hostility in his treatment.  In his response Plaintiff raises new issues alleging that his fear of termination kept him from immediately reporting an on the job injury, yet he admits he later reported it.  There no indication or allegation that this impacted his employment.  Taken in a light most favorable to Plaintiff, the totality of the circumstances in this case do not support a claim that the harassment alleged was pervasive or severe.

In the Court's opinion, the claim of retaliation is not "reasonably related" to the discrimination claim, in that the act allegedly giving rise to the claim did not occur until after his original claim had been dismissed by the EEOC.  Again, however, even if the claim did not have to be filed with the EEOC, it is factually unsupportable.  Plaintiff refers the Court to no evidence which would refute the undisputed material facts cited by Defendant.  Those facts demonstrate that Defendant did not give the two prospective employers any adverse recommendation concerning Plaintiff.  Not only does Defendant deny giving any recommendations, but the alleged prospective employers deny that they received any recommendations concerning Plaintiff.

Based upon the above, Defendant's motion is well taken and should be granted.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. 24) is granted and the case is dismissed with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**